UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CANDICE GUTIERREZ,   09-6291-TC

Plaintiff,

v.   FINDINGS AND RECOMMENDATION

LARRY K. HOUCHIN, Municipal Court Judge
at the City of Lebanon; JOHN HITT, City
Manager of the City of Lebanon; the CITY OF
LEBANON, an Oregon Municipal
Corporation; JOHN DOES 1-3; and LARRY
K. HOUCHIN, private individual.

Defendants.

COFFIN, Magistrate Judge:

Plaintiff Candice Gutierrez brings this action alleging federal and state law claims. Currently before me is John Hitt and the City of Lebanon's (City Defendants) motion for summary judgment on the 42 U.S.C. § 1983 brought against them as well as on the negligence claim brought against the City only. For the reasons set forth below, I recommend that this court grant the City defendants' motion.

Page 1 - FINDINGS AND RECOMMENDATION

## Background

In 2008, plaintiff was on probation in the Lebanon Municipal Court and supervised by then-City of Lebanon Municipal Court Judge Larry Houchin. When he was supervising plaintiff's probation, Houchin sexually molested her numerous times, starting in July 2008 and ending several months later. The assaults occurred at various places, including plaintiff's home. When Houchin was at plaintiff's home he left his car parked near her residence in plain view. On December 24, 2008, plaintiff told Lebanon Police Sergeant Scott Bressler that Houchin had sexually molested her. Sergeant Bressler reported plaintiff's allegations to Police Chief Mike Healy. Sergeant Bressler put plaintiff's complaints into a memorandum, and Chief Healy began an investigation.

When Chief Healy received the memorandum, he contacted Lebanon's City Manager and City Attorney to discuss how to proceed with the allegations against Houchin. On December 28, 2008, the City Attorney notified Houchin that his services were no longer needed while the City Council reviewed his contract. Houchin then submitted his resignation, effective December 31, 2008. On December 30, 2008, Chief Healy sent a letter to the Linn County District Attorney's Office detailing the complaints against Houchin for possible criminal investigation. The DA's Office referred the matter to the Department of Justice, which conducted an investigation. The investigation determined that Houchin had acted inappropriately with four females, including plaintiff. Houchin pled guilty to four counts of inappropriate conduct, including sexual abuse in the Third Degree for actions related to plaintiff. He was convicted on September 1, 2009.

Chief Healy had heard of Houchin engaging in sexual misconduct with a probationer before plaintiff's complaints. In 2005, when Houchin served as Municipal Court Judge for Lebanon and Sweet Home, one of Chief Healy's officers told him that a woman (L.D.) had made allegations

Page 2 - FINDINGS AND RECOMMENDATION

against Houchin. L.D. had appeared before Houchin in Sweet Home. Chief Healy asked the officer to detail L.D.'s allegations in a memorandum. The December 2005 Memorandum set forth non-specific allegations that Houchin had taken L.D. out to lunch and to his residence. L.D., however, would not disclose any specific misconduct. Chief Healy forwarded the memorandum to the Linn County District Attorney. Chief Healy later learned that L.D. did not cooperate with the investigation, and the allegations were deemed unfounded. Chief Healy did not discuss this information, except in a general nature, with the Lebanon City Attorney and possibly the Lebanon City Manager. Chief Healy knew that the City of Sweet Home discontinued Houchin's contract in 2007 but never learned why other than a general disagreement with Sweet Home's Police Chief.

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials

Page 3 - FINDINGS AND RECOMMENDATION

in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Discussion

Plaintiff alleges a Fourteenth Amendment claim against City defendants stemming from a violation of her liberty interest in her bodily integrity and her right to be free from sexual assault and molestation. (#1 at ¶ 9). She claims that defendant Houchin violated her Fourteenth Amendment rights to due process and equal protection by grooming, molesting and assaulting her. (#1 at ¶ 7). Although this claim appears to be against defendant Houchin only, the parties both discuss this claim in their summary judgment briefing. Thus, in an abundance of caution, I address whether City defendants are entitled to judgment on this claim. Plaintiff also alleges a state law negligence claim against the City. City defendants move for all claims brought against them.

### I. Federal Claims Against City Defendants

Plaintiff concedes that this action cannot proceed against the unidentified and unserved John Doe defendants. (#40 at 15). This court should dismiss the Doe defendants.

City defendants argue that plaintiff sues defendant Hitt (the City Manager) in his official capacity only. City defendants note that a litigant who seeks to sue an official in her individual

Page 4 - FINDINGS AND RECOMMENDATION

capacity must specifically indicate such in her complaint. Egerdahl v. Hibbing Cmty College, 73 F.3d 615, 619 (9th Cir. 1995). If the complaint is silent regarding capacity, the court should interpret the complaint "as including only an official capacity claim." Id. Plaintiff's argument that Hitt is "being sued in his individual capacity throughout all of Plaintiff's federal allegations because the allegations claim that Hitt was co-extensively involved and liable with the City" is not persuasive. Plaintiff's complaint makes no mention of Hitt in his individual capacity and the caption says nothing about Hitt's individual liability. Shoshone-Bannock Tribes v. Fish and Game Comm'n, Idaho, 42 F.3d 1278, 1285 (9th Cir. 1994). I find that plaintiff sues defendant Hitt in his official capacity only. Suing a city official in his official capacity amounts to a suit against the entity he represents. McMillan v. Monroe Cnty, Ala., 520 U.S. 781, 785 n. 2 (1997).[1]

City defendants argue that they are entitled to summary judgment on plaintiff's 42 U.S.C. § 1983 claims against them because plaintiff cannot establish municipal liability. In other words, plaintiff cannot show that an official policy or custom of the City of Lebanon caused her injury. Monell v. New York Dep't of Social Services, 436 U.S. 658, 690-91 (1978). It is well settled that a municipality is liable under section 1983 only when an action taken pursuant to an official municipal policy caused a constitutional tort. Id. at 690-91. A plaintiff may establish Monell liability by proving that an officer with final decision making authority ratified a subordinate's unconstitutional decision and the basis for it. Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Plaintiff's complaint fails to identify what City of Lebanon policy, custom or practice caused

---

[1] Plaintiff also argues that Hitt is sued in his personal capacity because the caption of her proposed amended complaint names him individually. This is moot, however, as I denied plaintiff's motion to file an amended complaint by order filed September 7, 2011. (#54).

Page 5 - FINDINGS AND RECOMMENDATION

her constitutional injuries. In her opposition to summary judgment, however, she argues that City defendants' failure to take action to stop her alleged deprivations can equate to a policy of deliberate indifference. She asserts that City defendants had a policy of "conscious, deliberate indifference to the rights of female defendants on bench probation" and this was displayed by the City of Lebanon and its police officers "sidetracking" plaintiff from pursuing complaints against Houchin, threatening her with jail if she complained against Houchin and consciously disregarding first-hand knowledge of Houchin's visits to plaintiff. (#40 at 11-15). To create an issue of fact on this issue, she relies on William B. Brown, Phd.'s declaration. (#40 at 9-10). Applying "established sociological principles," Dr. Brown declares:

> Based on facts I have obtained from [plaintiff's declaration, plaintiff's response to defendant's motion for summary judgment, plaintiff's declaration, the depositions of plaintiff, Hitts, Houchin, L.D., Gregory Burroughs, Chief Healy, Niki Hubbard, Marlene Leland, and defendants' summary judgment motion], and based on accepted sociological research principles and knowledge of law enforcement in community culture, I can state to a reasonable certainty that police officers working in the City of Lebanon were well aware of the fact that Judge Houchin was spending time with, and involved in some form of ethical violations with female probationers; most likely some form or level of sexual relationship.

(#45 at ¶ 27). Brown also bases his opinion that City officials knew of Houchin's activity on the opinion of a former Vancouver Washington Judge who opined that police were familiar with the cars sitting judges drove and that officers would be aware if judges' cars were parked near a probationer's residence. (Id. at ¶ 26).

Dr. Brown's speculations and conclusions as to what Lebanon police officers and city officials knew is insufficient to create an issue of material fact and defeat summary judgment. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Even assuming arguendo, that Dr. Brown's speculations could create an issue of fact, a court can only consider admissible

Page 6 - FINDINGS AND RECOMMENDATION

evidence when ruling on a motion for summary judgment. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir.2002). Here, plaintiff has not properly disclosed Dr. Brown as an expert under Rule 26 and, defendant makes a convincing argument that Dr. Brown's opinion is not admissible under Daubert standards. Thus, for the purposes of this summary judgment motion, I find that Dr. Brown's testimony is not admissible evidence.

Plaintiff's other evidence does not create an issue of material fact regarding whether a policy, practice, custom, or policy of inaction of the City of Lebanon caused her injury. Plaintiff testified in her deposition that she never stopped a police officer and tried to make a complaint about Houchin. (#28, ex. 1 at 77). Instead, the evidence establishes that she had told officers to "stop looking at me" and "check out your chimo judge"[2] and that during one interaction with an officer, plaintiff was fairly intoxicated and the officer told her "you're drunk" and to go back inside her home. (Id. at 63-64, 74-75). She stated that officers saw Houchin at her house "[n]umerous times during their routes driving by," and that she knew the officers saw Houchin because "they looked right at us standing there." (#44 at *8-9).[3] The evidence in the record does not establish that she made "systematic" and "frequent" complaints which were ignored by officers. Plaintiff has not established that any Lebanon officers were deliberately indifferent to her reports of Houchin's inappropriate behavior toward her or denied her her right to due process or equal protection.

Similarly, plaintiff cannot establish that City officials knew of Houchin's history of sexual misconduct. Although Hitt and Chief Healy were aware of a 2005 complaint by a female probationer in Sweet Home about Houchin, the complaint did not detail any sexual activity by Houchin and was

---

[2]Apparently, this is slang for "child molester."

[3]Page references preceded by an * refer to the CM-ECF pagination.

Page 7 - FINDINGS AND RECOMMENDATION

ultimately determined, after investigation, to be unfounded. Moreover, the evidence here in the record shows that when plaintiff did make a specific complaint about Houchin to a Lebanon police officer, it was immediately investigated. In short, plaintiff cannot establish that Hitt, Chief Healy or any other policy or decision maker for the City of Lebanon, were deliberately indifferent to Houchin's sexual assault of plaintiff.

Finally, the evidence here establishes that Houchin was an independent contractor for the City of Lebanon. Under Section 1983, the court looks to state law when considering whether a municipality could be vicariously liable for the actions of an independent contractor. Carroll v. Federal Express Corp., 113 F.3d 163, 165 n. 1 (1997) (stating that the court looks "to principles of California law to determine whether Federal Express is vicariously liable for the actions of its independent contractor"). The general rule in Oregon is that an employer of an independent contractor is not vicariously liable for the contractor's actions. Johnson v. Salem Title Co., 246 Or. 409, 413 (1967). Plaintiff cannot establish that Houchin falls within the limited exceptions to this rule. Accordingly, the City cannot be held responsible for his actions.

For all these reasons, I recommend that the court grant summary judgment on the 42 U.S.C. § 1983 claims against City defendants.

## II. State Law Negligence Claim

The Oregon Tort Claims Act (OTCA) provides that "no action arising from any act or omission of a public body or an officer, employee, or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of the claim is given as required by this action." ORS 30.275. For all claims, except wrongful death, a plaintiff must provide an OTCA notice within 180 days of the alleged loss or injury. Id. The notice period set forth in the OTCA begins to run

Page 8 - FINDINGS AND RECOMMENDATION

when "the plaintiff knows or, in the exercise of reasonable care should know, facts that would make an objectively reasonable person aware of a substantial possibility that all three of the following elements exist: an injury occurred, the injury harmed one or more of the plaintiff's legally protected interests, and the defendant is the responsible party." Gaston v. Parsons, 318 Or 247, 256, 864 P.2d 1319 (1994). The plaintiff has the burden of establishing that notice of a tort claim was given. ORS 30.275 (7).

Here, plaintiff does not establish that she provided a tort claim notice as required by ORS 30.275(5)(b). Instead, she argues that she gave actual notice under ORS 30.275(6), stating "[g]iven the circumstances, it was obvious that [plaintiff] had the option of suing the city for sexual misconduct." "Actual notice of a claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, <u>where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body</u>." ORS 30.275(6) (emphasis added). No reasonable person would conclude that plaintiff intended to assert a claim against the City because she might have the option to bring a lawsuit. I find that plaintiff failed to provide a timely notice of her tort claim under the OTCA.

Moreover, as noted above, Oregon law states that an employer of an independent contractor is not vicariously liable for the contractor's wrongs. Johnson, 246 Or. at 413. Accordingly, even if plaintiff's suit were not precluded by her failure to give notice under the OCTA, she could not establish that the City was liable for Houchin's misconduct.

Page 9 - FINDINGS AND RECOMMENDATION

## Conclusion

I recommend that the court dismiss John Does 1-3 from this action and direct the Clerk of the Court to remove them from the case caption.

I recommend that the court grant City defendants' motion for summary judgment on the federal and state law claims against them, leaving this case to proceed solely against defendant Houchin.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 4th day of October 2011.

THOMAS M. COFFIN
United States Magistrate Judge